PHILLIP A. TALBERT
United States Attorney
DAVID L. GAPPA
Assistant United States Attorney
2500 Tulare Street
Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>MAGDALENA PANKOW,<br><br>                Defendant. | CASE NO. 1:24-CR-00093-JAM-BAM<br><br>STIPULATION FOR CONTINUANCE OF STATUS CONFERENCE; ORDER<br><br>PROPOSED DATE: September 11, 2024<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

      This case is scheduled for a status conference on July 10, 2024, before United States Magistrate Judge Barbara A. McAuliffe. Since the hearing was scheduled, the government has provided a large amount of discovery that the defense is still reviewing. The defense requests additional time for defense preparation and investigation.

      Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

      Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances. *United States v. Olsen*, 21 F.4th 1036, 1047 (9th Cir. 2022). That non-exhaustive list includes: (1) whether a defendant is detained

1

pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the [COVID-19] virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id.*

In light of the factors above, this court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7). When continued, this court should designate a new date for the hearing. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, accordingly stipulate as follows:

1. By previous order this matter was set for a status conference hearing on July 10, 2024. Since that hearing was scheduled, the government has provided a large amount of discovery that the defense is still reviewing. The defense requests additional time for defense preparation and investigation.

2. By this stipulation, the parties agree that the next court date be on September 11, 2024. The parties also agree to exclude time between July 10, 2024, and September 11, 2024, under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv).

3. The parties agree, and request that the Court find the following:

    a) The defense requests additional time for defense preparation and investigation. The government does not object to the continuance and joins in the request because its investigation has been continuing. The government is also seeking the extradition of the other defendant in this case.

    b) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

     c)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period from July 10, 2024, to September 11, 2024, inclusive, is deemed excludable under 18 U.S.C. §§ 3161(h)(1)(D), 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) because it results from a continuance granted by the Court at the request of the parties on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.     Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  July 8, 2024                                  PHILLIP A. TALBERT
                                                    United States Attorney

                                                    /s/ David Gappa
                                                    DAVID L. GAPPA
                                                    Assistant United States Attorney

Dated:  July 8, 2024                                  /s/ CHRISTINA CORCORAN
                                                    CHRISTINA CORCORAN
                                                    COUNSEL FOR
                                                    MAGDALENA PANKOW

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MAGDALENA PANKOW,<br><br>　　　　　　Defendant. | CASE NO.  1:24-CR-00093-JAM-BAM<br><br>FINDINGS AND ORDER<br><br>PROPOSED DATE: September 11, 2024<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

**FINDINGS AND ORDER**

The court has reviewed and considered the stipulation filed by the parties on July 8, 2024, and also reviewed the record of this case.  For the reasons stated in the stipulation the court finds good cause for continuing the case.  The status conference scheduled for July 10, 2024, is continued to **September 11, 2024, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**. The court also finds that the time between July 10, 2024, and September 11, 2024, under 18 U.S.C. §§ 3161(h)(1)(D), 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) shall be excluded from Speedy Trial Act time calculations.

IT IS SO ORDERED.

Dated:  **July 8, 2024**　　　　　　　　　　/s/ *Barbara A. McAuliffe*
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

4