ERIC GRANT
United States Attorney
DAVID L. GAPPA
Assistant United States Attorney
2500 Tulare Street
Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MAGDALENA PANKOW,

Defendant.

CASE NO. 1:24-CR-00093-JAM-BAM

STIPULATION FOR CONTINUANCE OF STATUS CONFERENCE; AND **AMENDED** ORDER

Next Status Conference: October 22, 2025

This case is scheduled for a status conference on August 27, 2025, before United States Magistrate Judge Barbara A. McAuliffe. Since the hearing was scheduled, the government has reiterated a proposed resolution of the case for this defendant that would obviate the need for a trial. The proposed continuance would provide the parties with sufficient time to finalize plea negotiations or, if necessary, pick a mutually convenient trial date.

Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The Ninth Circuit has enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances. *United States v. Olsen*, 21

F.4th 1036, 1047 (9th Cir. 2022). That non-exhaustive list includes: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with [a] virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id.*

In light of the factors above, this court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7). When continued, this court should designate a new date for the hearing. *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, accordingly stipulate as follows:

1. By this stipulation, the parties agree that the next court date be on December 10, 2025. The parties also agree to exclude time between August 27, 2025, and December 10, 2025, under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv).

2. The parties agree, and request that the Court find the following:

a) The defense requests additional time to consider how best to proceed in light of a proposal by the government to resolve the case without a trial. The government does not object to the continuance and joins in the request because its investigation has been continuing. The government is also seeking the extradition of the other defendant in this case.

b) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

c) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period from August 27, 2025, to December 10, 2025, inclusive, is deemed excludable under 18 U.S.C. §§ 3161(h)(1)(D), 3161(h)(7)(A) and

3161(h)(7)(B)(i), (ii) and (iv) because it results from a continuance granted by the Court at the request of the parties on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

3. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: August 20, 2025

ERIC GRANT
United States Attorney

/s/ David Gappa
DAVID L. GAPPA
Assistant United States Attorney

Dated: August 20, 2025

/s/ CHRISTINA CORCORAN
CHRISTINA CORCORAN
COUNSEL FOR
MAGDALENA PANKOW

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MAGDALENA PANKOW,

Defendant.

CASE NO. 1:24-CR-00093-JAM-BAM

FINDINGS AND ORDER

**FINDINGS AND ORDER**

The court has re-reviewed and re-considered the stipulation filed by the parties on August 20, 2025, and also re-reviewed the record of this case. The Order filed at ECF No. 37 is VACATED. For the reasons stated in the stipulation the court finds good cause for continuing the case from August 27, 2025, to **October 22, 2025 at 1:00 p.m. in Courtroom 8 before Magistrate Judge Barbara A. McAuliffe**. The parties have agreed to exclude time to December 10, 2025. The court also finds that the time between August 27, 2025, and December 10, 2025, under 18 U.S.C. §§ 3161(h)(1)(D), 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) shall be excluded from Speedy Trial Act time calculations. If the parties do not resolve the case in advance of the next status conference, they shall be prepared to set a trial date at the status conference hearing.

IT IS SO ORDERED.

Dated: **August 21, 2025**

/s/ Barbara A. McAuliffe

UNITED STATES MAGISTRATE JUDGE